LAW OFFICE OF JOHN K. CONNER, ESQUIRE
BY: JOHN K. CONNER, ESQUIRE
8000 Old York Road
Elkins Park, PA 19027
TEL: (215)635-4171
FAX: (215)635-4173
ATTORNEY I.D. No.: 64371

ATTORNEY FOR PLAINTIFF
ABNER A. MEJIA

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

| | |
|---|---|
| Abner A. Majia<br>6114 Reach Street<br>Philadelphia, PA 19111<br>       Plaintiff<br><br>V.<br><br>City of Philadelphia<br>Commissioner Sylvester Johnson<br>Detective R.C. Fetters<br>Detective Francis Graf<br>Detective Ronald Aitken<br>Sgt. Richard Zoog<br>Detective Nordo<br>Detective Yerkes<br>P/O John Doe<br><br>       Defendants | TERM:<br><br>No.: 08 1633<br><br>FILED<br><br>APR 4 2008<br><br>by _____ Dep. Clerk |

**PLAINTIFF'S COMPLAINT – CIVIL ACTION (Civil Rights)**

Plaintiff, Abner A Majia, by and through his attorney, John K. Conner, Esquire, by way of complaint against Defendants alleges as follows:

## NATURE OF ACTION

1. This is an action arising out of violations of the Plaintiff's rights under the First, Fourth, and Fourteenth Amendments of the United States Constitution in that the Defendants, named and unnamed, individually and collectively, unlawfully detained and used excessive force on the Plaintiff with malice and without probable cause to improperly and/or falsely arrest, prosecute, assault, search, imprison, and inflict emotion distress in deprivation of his constitutional and statutory rights.

## JURISDICTION AND VENUE

2. Plaintiff brings this action for monetary damages pursuant to 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments of the United States Constitution, and under laws of the Commonwealth of Pennsylvania against the above-mentioned Defendants, individually and in their official capacities.

3. This Court has jurisdiction over the Federal Law Claims pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § §1331 and 1343. This Court has jurisdiction over the State Law claims, pursuant to the principals of pendant and ancillary jurisdiction pursuant to 28 U.S.C 367(a).

4. Venue is proper under 28 U.S.C §1391(b) because the causes of action upon which the complaint is based, arose in the City of Philadelphia, Pennsylvania, which is in the Eastern District of Pennsylvania.

## PARTIES

5. Plaintiff, Abner A. Mejia, hereinafter referred to as Mr. Mejia is a citizen of the Commonwealth of Pennsylvania and resides as captioned. At all times relevant to the

causes of action alleged herein, Mr. Mejia, was a citizen of Philadelphia, Pennsylvania and resided at 6114 Reach Street.

6. Defendant, CITY OF PHILADELPHIA, is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs, and controls the Philadelphia Police Department and its Officers. Defendant, CITY OF PHILADELPHIA, maintains its principal office as captioned.

7. Defendant, SYLVESTER JOHNSON, is the Commissioner of the Philadelphia Police Department and maintains his principal office as captioned. At all times relevant to the causes of action alleged herein, SYLVESTER JOHNSON was the Commissioner and head of the Philadelphia Police Department. SYLVESTER JOHNSON is being sued both individually and in his official capacity as an officer, agent, and/or employee of the Defendant, CITY OF PHILADELPHIA.

8. Defendant, Detective R. C. Fetters, Badge #8042, is an officer with the Philadelphia Police Department and maintains his principal office as captioned. At all times relevant to the causes of action alleged herein, Detective Fetters was a sworn law enforcement officer acting for and on behalf of Defendant, CITY OF PHILADELPHIA. Detective Fetters is being sued both individually and in his official capacity as an officer, agent, and/or employee of the Defendant, CITY OF PHILADLEPHIA.

9. Defendant, Detective Francis Graf, Badge #9066, is an officer with the Philadelphia Police Department and maintains his principal office as captioned. At all times relevant to the causes of action alleged herein, Detective Graf was a sworn law enforcement officer acting for and on behalf of Defendant, CITY OF PHILADELPHIA.

Detective Graf is being sued both individually and in his official capacity as an officer, agent, and/or employee of the Defendant, CITY OF PHILADLEPHIA.

10. Defendant, Detective Ronald Aitken, Badge #0955, is an officer with the Philadelphia Police Department and maintains his principal office as captioned. At all times relevant to the causes of action alleged herein, Detective Aitken was a sworn law enforcement officer acting for and on behalf of Defendant, CITY OF PHILADELPHIA. Detective Aitken is being sued both individually and in his official capacity as an officer, agent, and/or employee of the Defendant, CITY OF PHILADLEPHIA.

11. Defendant, Sergeant Richard Zoog, Badge #0539, is an officer with the Philadelphia Police Department and maintains his principal office as captioned. At all times relevant to the causes of action alleged herein, Sergeant Zoog was a sworn law enforcement officer acting for and on behalf of Defendant, CITY OF PHILADELPHIA. Sergeant Zoog is being sued both individually and in his official capacity as an officer, agent, and/or employee of the Defendant, CITY OF PHILADLEPHIA.

12. Defendant, Detective Nordo, Badge 736, is an officer with the Philadelphia Police Department and maintains his principal office as captioned. At all times relevant to the causes of action alleged herein, Detective Nordo was a sworn law enforcement officer acting for and on behalf of Defendant, CITY OF PHILADELPHIA. Detective Nordo is being sued both individually and in his official capacity as an officer, agent, and/or employee of the Defendant, CITY OF PHILADLEPHIA.

13. Defendant, Detective Yerks, Badge #9031, is an officer with the Philadelphia Police Department and maintains his principal office as captioned. At all times relevant to the causes of action alleged herein, Detective Yerks was a sworn law

enforcement officer acting for and on behalf of Defendant, CITY OF PHILADELPHIA. Detective Yerks is being sued both individually and in his official capacity as an officer, agent, and/or employee of the Defendant, CITY OF PHILADLEPHIA.

14. Defendant, Police Officer John Doe, is an officer with the Philadelphia Police Department and maintains his principal office as captioned. At all times relevant to the causes of action alleged herein, Police Officer John Doe was a sworn law enforcement officer acting for and on behalf of Defendant, CITY OF PHILADELPHIA. is being sued both individually and in his official capacity as an officer, agent, and/or employee of the Defendant, CITY OF PHILADLEPHIA.

15. At all times relevant, all Defendants were acting in concert and conspiracy, and their actions deprived Mr. Majia of his constitutional and statutory rights.

## FACTUAL ALLEGATIONS

16. At all times relevant Mr. Mejia resided at 6114 Reach Street, Philadelphia, PA.

17. On April 4, 2006, at approximately 4:30pm, plaintiff, Mr. Mejia, was one of three passengers in a car parked in the vicinity of 9th Street and Wingohocken Street in the City of Philadelphia.

18. On the above referenced date, time and place, Philadelphia Police Officers approached the car as part of a narcotics investigation and ordered Mr. Mejia and the other passengers out of the car. Mr. Mejia was subsequently handcuffed and placed in a marked police car.

19. Police Officers then searched the trunk of the car and discovered a black bag which contained a large amount of a white powder substance believed to be illegal

narcotics. The officers left the bag in the trunk and continued to secure the other passengers.

20. While the officers were securing the other passengers, an unknown person approached the car and removed the black bag from the trunk. This individual then fled down Wingohocken Street. The police began chasing this individual and fired several shots at him before he got into a parked car and fled the area.

21. Mr. Mejia was subsequently transported by Philadelphia Police Officers to the East Detective Division located 3901 Whitaker Ave, Philadelphia, PA.

22. While sitting in a room on the 2nd floor, Mr Mejia was interviewed by two white male police officers who were dressed in plain clothes. These Officers proceeded to question him about the incident that took place in the vicinity of 9th and Wingohocken Streets. In particular, the officers wanted Mr. Mejia to identify the individual that removed the black bag from the trunk of the car.

23. At approximately 7:30pm, on April 4, 2006, Mr. Mejia wrote a one paged statement in the presence of Detective Yerkes, Badge No.: 9031 setting forth his knowledge of the incident that took place at 9th and Wingohocken Street earlier that evening. Mr. Mejia indicated that he did not know the identity of the person who removed the black bag from the trunk of the car.

24. Mr. Mejia was subsequently taken to another room at East Detectives where he was interviewed by a white female police officer and another white male officer. Both of these officers were also dressed in plain clothes.

25. During this interview Mr. Mejia again denied knowing the identity of the individual who removed the black bag from the trunk of the car.

26. Mr. Mejia was then taken to another room where he was again interviewed by two white male police officers who identified themselves as Detectives. The Detectives showed Mr. Mejia numerous photographs and asked him to identify the person that removed the black bag from the trunk of the car.

27. When Mr. Mejia denied knowing anyone in the photographs, one of the Detectives struck him on his left thigh with a long black metal object. The other Detective also struck him in the face several times when he denied knowing anyone in the photographs. Every time Mr. Mejia could not identify anyone in the photographs, he was struck with the metal object on his thigh, leg and knee by one of the Detectives.

28. On one occasion when one of the Detectives went to strike Mr. Mejia with the metal object, Mr. Mejia attempted to cover his thigh with his hand and was struck on the left hand with the metal object.

29. At approximately 3:00am on April 5, 2006, after several hours of interrogation Mr. Mejia gave a taped statement to Detectives R.C. Fettes, Badge No.: 8042 and Detective Francis Graf, Badge No.: 9066, identifying the person who removed the black bag from the trunk of the car during the incident that occurred at 9th and Wingohocken Streets.

30. Mr. Mejia was released from East Detectives after giving the taped statement to the Detectives and went to the Emergency Room at Jeanes Hospital in Philadelphia where he was treated by Dr. Mary Jane Ellison. Dr. Ellison diagnosed MR. Mejia as having a fractured thumb.

31. Mr. Mejia's brother accompanied him to the Emergency Room at Jeans Hospital and took photographs of Mr. Mejia's injuries.

32. The unlawful detainment and use of unreasonable force in this case were the direct result of Defendants' pattern and custom of subjecting citizens such as Mr. Mejia to excessive force in the absence of probably cause.

33. The Defendant Officers acted willfully, deliberately, maliciously or with reckless disregard of Mr. Mejia's constitutional and statutory rights.

34. As a result of the actions of all Defendants, Mr. Mejia suffered and continues to suffer pain, emotional distress, and mental anguish.

35. As a direct result and proximate result of the actions or inactions of the Defendants, Defendants demonstrated a deliberate indifference and acted in concert and conspiracy to assault, detain, inflict emotional distress, of Mr. Mejia, and otherwise violated his rights under the Pennsylvania Constitution and Statutory Laws.

## FIRST COUNT

### 42 U.S.C. Section 1983
### Excessive Force

### MR. MEJIA v. DETS. YERKES, FETTERS, GRAF, AITKEN, NORDO AND JOHN DOE

36. Plaintiff, Mr. Mejia, incorporates by reference all of the allegations contained in paragraphs 1 through 35, as if each were set forth more fully herein.

37. On or about April 4, 2006, Defendants Detectives Yerkes, Fetters, Graf, Aitken, Nordo and John Doe, acting within the course and scope of their employment, under the color of state law, deprived Mr. Mejia, of his rights to be free from excessive force as provided by the United States and the Commonwealth of Pennsylvania Constitutions, and in so doing, violated 42 U.S.C. Section 1983.

38. While interrogating Mr. Mejia at East Detective Division, Detectives Yerkes, Fetters, Graf, Aitken, Nordo and John Doe and/or other Officers, used excessive force to obtain information from Mr. Mejia, physically assaulting him in the process.

39. The force used by Detectives Yerkes, Fetters, Graf, Aitken, Nordo and John Doe and/or other Officers, was unreasonable, excessive and violated Mr. Mejia's rights pursuant to the United States and the Commonwealth of Pennsylvania Constitutions.

40. As a direct and proximate result of the malicious, intentional, an/or reckless actions, and the conspiracy of Defendants Detectives Yerkes, Fetters, Graf, Aitken, Nordo and John Doe, Mr. Mejia suffered physical injuries.


**WHEREFORE,** Plaintiff demands judgement of Defendants, Detectives Yerkes, Fetters, Graf, Aitken, Nordo and John Doe, jointly and severally, for compensatory and punitive damages in excess of one hundred fifty thousand dollars ($150,000.00) plus such reasonable costs as the court may allow for attorney fees and costs, interest, and such other relief, as this Court deems equitable and just.

## SECOND COUNT

### 42 U.S.C. Section 1983
### Policy, Practice and Custom

### MR. MEJIA v. CITY OF PHILADELPHIA

41. Plaintiff, Mr. Mejia, incorporates by reference all of the allegations contained in paragraphs 1 through 40, as if each were set forth more fully herein.

42. Prior to April 4, 2006, Defendant, City of Philadelphia developed and maintained policies, practices and customs of condoning police officers conduct of exhibiting deliberate indifference for the safety, health and welfare of the public.

43. Defendant City of Philadelphia has encouraged, tolerated, ratified, delayed and has been deliberately indifferent to the following patterns, practices, and customs and to the need for more of different training, supervision, investigation or discipline in the areas of:

    a. The abuse of police powers, including but not limited to excessive force, unlawful detention, false arrest; and

    b. The failure of police officers to prevent, deter, report or take action against the unlawful conduct of other officers under such circumstances as presented herein.

44. Defendant City of Philadelphia failed to properly sanction or discipline officers, who were aware of and subsequently concealed and/or aided and abetted violations of constitutional rights of citizens by other police officers, thereby causing and

encouraging police, including Defendants, Sergeant Zoog, Detectives Yerkes, Fetters, Graf, Aitken, Nordo and John Doe to violate the rights of citizens such as Mr. Mejia.

45. By these actions, all Defendants, acting in concert and conspiracy, have deprive3d Mr. Mejia of rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. Section 1983.

46. As a result of the above described policies, practices, and customs, police officers, including Defendants Sergeant Zoog, Detectives Yerkes, Fetters, Graf, Aitken, Nordo and John Doe believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but rather would be tolerated.

47. The above described policies, practices and customs demonstrate3a deliberate indifference on the part of the policy makers, City of Philadelphia, in violation of Mr.Mejia's constitutional rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution and the Constitution of the Commonwealth of Pennsylvania, in violation of 42 U.S.C. Section 1983.

**WHEREFORE,** Plaintiff demands judgment against Defendant City of Philadelphia for compensatory damages in excess of one hundred fifty thousand dollars ($150,000.00) plus such reasonable costs as the Court may allow for attorney fees and costs, interest, and such other relief and this Court deems equitable and just.

## **THIRD COUNT**

### Assault and Battery

### Mr. Mejia v. Detectives Yerkes, Fetters, Graf, Aitken, Nordo and John Doe

48.   Plaintiff, Mr. Mejia, incorporates by reference all of the allegations contained in paragraphs 1 through 47 as if each were set forth more fully herein.

49.   On or about April 4, 2006, Defendants Detectives Yerkes, Fetters, Graf, Aitken, Nordo and John Doe, jointly, did knowingly, intentionally, negligently, maliciously and/or recklessly commit assault and battery upon Mr. Mejia.

50.   As a result of all of the Defendants' actions Mr. Mejia suffered and continues to suffer physical injuries, pain and suffering, emotional distress and mental anguish.

51.   The actions of all Defendants exceeded the normal standards of decent conduct and were willful, malicious, oppressive and unjustifiable, and therefore, punitive damages are necessary and appropriate.

**WHEREFORE,** Plaintiff demands judgment against Defendants Detectives Yerkes, Fetters, Graf, Aitken, Nordo and John Doe, jointly and severally for compensatory and punitive damages in excess of one hundred fifty thousand dollars ($150,000.00) plus such reasonable costs as the Court may allow for attorney fees and costs, interest and such other relief as this Court deems equitable and just.

## SIXTH COUNT

### Unlawful Detention and Abuse of Process

### Mr. Mejia v. Detectives Yerkes, Fetters, Graf, Aitken, Nordo and John Doe

52. Plaintiff, Mr. Mejia, incorporates by reference all of the allegations contained in paragraphs 1 through 51, as if each were set forth more fully herein.

53. On or about April 4, 2006, Defendants Detectives Yerkes, Fetters, Graf, Aitken, Nordo and John Doe, acting alone, jointly and/or in concert, did knowingly, intentionally, negligently, maliciously and/or recklessly falsely detained Mr. Mejia and abused their authority as police officers.

54. As a result of all of the Defendants' actions, Mr. Mejia suffered and continues to suffer physical injuries, pain and suffering, emotional distress and mental anguish, loss of reputation and related financial losses.

55. The actions of all Defendants exceeded the normal standards of decent conduct and were willful, malicious, oppressive and unjustifiable, and therefore, punitive damages are necessary and appropriate.

**WHEREFORE,** Plaintiff demands judgment against Defendants Detectives Yerkes, Fetters, Graf, Aitken, Nordo and John Doe, jointly and severally, for compensatory and punitive damages in excess of one hundred fifty thousand dollars ($150,000.00) plus such

reasonable costs as the Court may allow for attorney fees and costs, interest and such other relief as this Court deems equitable and just.

## SEVENTH COUNT

### Intentional Infliction of Emotional Distress

### Mr. Mejia v. Detectives Yerkes, Fetters, Graf, Aitken, Nordo and John Doe

56.  Plaintiff Mr. Mejia incorporates by reference all of the allegations contained in paragraphs 1 through 55, as if each were set forth more fully herein.

57.  On or about April 4, 2006, Defendants Detectives Yerkes, Fetters, Graf, Aitken, Nordo and John Doe, acting alone, jointly and/or in concert, did knowingly, intentionally, maliciously and/or recklessly, inflict emotional distress on Mr. Mejia in the absence of any valid and reasonable lawful basis.

58.  The actions of all Defendant were undertaken knowingly, intentionally, negligently, recklessly, maliciously and/or in the absence of probable cause or other lawful grounds.

59.  As a result of all of the Defendants' actions, Mr. Mejia suffered and continues to suffer physical injuries, pain and suffering, emotional distress and mental anguish, loss of reputation and related financial losses.

60.  The actions of all Defendants exceeded the normal standards of decent conduct and were willful, malicious, oppressive and unjustifiable, and therefore, punitive damage are necessary and appropriate.

**WHEREFORE,** Plaintiff demands judgment against Defendants Detectives Yerkes, Fetters, Graf, Aitken, Nordo and John Doe, jointly and severally for compensatory and punitive damages in excess of one hundred fifty thousand dollars ($150,000.00) plus such reasonable costs as the Court may allow for attorney fees and costs, interest and such other relief as this Court deems equitable and just.

## JURY DEMAND

**PLEASE TAKE NOTICE** that the Plaintiff hereby demands a trial by jury on all counts.

Respectfully submitter,

Law Office of John K. Conner

By: _____

John K. Conner, Esquire

Attorney for Plaintiff

Abner A. Mejia